

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-19-00678-CR, 04-19-00679-CR, 04-19-00680-CR,
04-19-00681-CR, 04-19-00682-CR, & 04-19-00683-CR

Roy **GUZMAN** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court Nos. 16-06-12012-CR, 17-05-12408-CR, 16-05-11963-CR,
17-08-12517-CR, 17-08-12518-CR, & 17-08-12519-CR
Honorable Camile G. Dubose, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: December 18, 2019

DISMISSED FOR WANT OF JURISDICTION

This is an appeal from six judgments of conviction. In each of the six underlying cases, Appellant pled guilty to the indicted offense. The reporter's record in each case shows the trial court found Appellant guilty of each offense and pronounced sentence in open court with the defendant present on August 28, 2019. The written judgment in each clerk's record also states the sentence was imposed on August 28, 2019.

Although a supplemental clerk's record was filed in each case that indicates the "defendant was convicted in [the trial court] on September 16, 2019,"—the date the judgment was signed and entered—the date of oral pronouncement of sentence controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) ("A defendant's sentence must be pronounced orally in his presence. The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." (footnotes omitted)).

The records do not show that Appellant filed a motion for new trial or any other post-judgment motion that would extend the appellate timetables. *See* TEX. R. APP. P. 22.5, 26.2(a)(2). In each case, Appellant's notice of appeal was due on September 27, 2019, *see id.* R. 26.2(a)(1), and each notice was filed on September 30, 2019. The record does not show that Appellant filed a motion for extension of time to file any notice of appeal. *See id.* R. 26.3.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522. In this case, the appellate record does not show that Appellant's notice of appeal was timely filed.

A late notice of appeal may be considered timely and invoke a court of appeals' jurisdiction if it meets the following requirements:

(1) it is filed within fifteen days of the last day allowed for filing,

(2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure).

On November 15, 2019, we ordered Appellant to show cause in writing by December 5, 2019, why these appeals should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243. To date, Appellant has not filed any response.

Appellant's notices of appeal were untimely; they did not invoke this court's jurisdiction. We dismiss these appeals for want of jurisdiction.

PER CURIAM

Do Not Publish